UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROBERT HEGHMANN,

     Plaintiff,

v.

KAMALA HARRIS, In her Official Capacity
as Vice President of the United States and
President of the United States Senate,

     Defendant.

No. 1:22-cv00627-LY

**MOTION TO DISMISS**

According to *pro se* Plaintiff Robert Heghmann, the Democratic Party has for years executed a plan to "flood[] the Nation with illegal immigrants, . . . to create more and more Congressional Districts in Blue states, . . . [and thus] assure Democratic Party control of the Electoral College."  Dkt. 1 ¶8.  Heghmann believes that this "increase in illegal immigration" required a "huge increase in the Government Bureaucracy [and] huge increase in the federal budget," which he contends President Obama achieved through illegally borrowing and spending. Dkt. 1 at ¶9.  Based on these theories, Heghmann seeks a declaratory judgment that (1) the federal budgets from Fiscal Year 2010 to present are unconstitutional, (2) Vice President Pence's count of Electoral College votes in 2020 was unconstitutional, (3) the "current apportionment of Congressional Districts without regard for citizen characteristics" is unconstitutional, and (4) the 2020 Presidential election was unconstitutional.  Dkt. 1 at 25.

The Court should dismiss Claim 1 under Rule 12(b)(1) because Heghmann lacks standing to challenge the federal budgets and, in the alternative, under Rule 12(b)(6) because he fails to state a plausible claim for relief that the federal budgets for the last 12 years were unconstitutional.

Heghmann's Claims 2, 3, and 4 are derivative of his challenges to the apportionment of congressional districts based on his claim that the districts were "flooded" by "unchecked immigration." Dkt. 1 at 4. Heghmann raised nearly identical claims in a previous lawsuit in the Eastern District of Virginia. *See* Dkt. 1 at 42 ("Plaintiff attempted to raise the issues he . . . raised . . . herein in a complaint titled *Heghmann v. Trump*, Case 2:20-cv-00159 which was filed in the Eastern District of Virginia"). The Court should dismiss Claims 2, 3, and 4 under Rule 12(b)(1) and 12(b)(6) for the same reasons they were dismissed by the United States District Court for the Eastern District of Virginia and for the additional reason that they are now barred by res judicata.

## I.  Legal Standard

Defendant seeks dismissal of this action pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(1) motion to dismiss, Plaintiffs must establish this Court's jurisdiction through sufficient allegations. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992). Similarly, to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should consider the 12(b)(1) jurisdictional attack before addressing other Rule 12 motions. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## II. Argument and Authority

### A.  Claim 1

In Claim 1, Heghmann alleges that "President Obama intended to use illegal immigration to change the face of American society both demographically and politically" by illegally borrowing funds to "transport[] the illegal immigrants to Red States and Red Districts in Blue

States." Dkt. 1 ¶48. He thus seeks a declaratory judgment that "all budgets from FY 2010 to the present were and are . . . unconstitutional." *Id.* at 25.

Heghmann lacks standing to make this claim. Article III of the Constitution limits the judicial power of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "[R]ooted in the traditional understanding of a case or controversy," standing is a doctrine developed to implement this Article III command. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish "the 'irreducible constitutional minimum' of standing," a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (quoting *Lujan*, 504 at 560-61). Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong," thus preventing "the judicial process from being used to usurp the powers of the political branches" and "confin[ing] the federal courts to a properly judicial role." *Id*. The alleged injury in fact must be concrete, particularized, and actual or imminent and must bear a "'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Perez v. McCreary, Veselka, Bragg & Allen, P.C*., 45 F.4th 816, 821 (5th Cir. 2022).

As the party asserting federal jurisdiction, Heghmann must carry the burden of establishing his standing. *Spokeo*, 136 S. Ct. at 1547. Thus, to survive a motion to dismiss, "the plaintiff must clearly allege facts demonstrating each element" of standing. *Lujan*, 504 at 560. Heghmann's Complaint lacks any allegations sufficient to establish any of the elements of standing. He fails to allege a concrete or particularized personal injury traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Indeed, there is no concrete or particularized personal injury traceable to Vice President Harris's conduct. Heghmann lacks

standing to obtain a declaration that all budgets from FY 2010 to the present were unconstitutional, and the Court should dismiss Claim 1 under Rule 12(b)(1) for lack of standing.

In the alternative, even assuming jurisdiction, Heghmann failed to allege facts sufficient to state a claim for relief. In ruling on a Rule 12(b)(6) motion, "[w]hile the court must accept the facts in the complaint as true, it will 'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Heghmann's challenges to the budgets of the last 12 fiscal years contain only conclusory allegations and legal conclusions that President Barack Obama "blew up the firewall" by borrowing funds in the FY 2010 Budget. These allegations are insufficient to state a claim for relief. Additionally, Heghmann's allegations of illegal borrowing are levied against former President Barack Obama, who is not a party in any capacity. Heghmann instead named Vice President Harris as a defendant in her capacity as Vice President of the United States and President of the United States Senate, but he does not allege that she has authority or involvement in the challenged borrowing or the alleged "transporting [of] . . . immigrants to Red States and Red Districts in Blue States," or that she engaged in any challenged action. The Court should therefore dismiss Claim 1.

**B. Claims 2, 3, & 4**

Heghmann claims that "because of apportionment of congressional districts . . . throughout the United States based solely upon total population, without regard to the citizen characteristics of the population, his vote and the votes of other suburban and rural voters in the 2020 Presidential election were **debased and diluted**" due to "unchecked immigration, largely illegal." Dkt. 1 ¶6 (emphasis added). From that contention flow Heghmann's assertions in Claims 2, 3, & 4 that Vice President Pence's count of Electoral College votes in 2020 was unconstitutional, the "current

apportionment of Congressional Districts is unconstitutional, and the 2020 Presidential election was unconstitutional.   Again, Heghmann lacks standing to assert these claims.

Heghmann brought nearly identical claims in *Heghmann v. Trump,* Cause No. 2:20-cv-159 in the United States District Court for the Eastern District of Virginia, where he similarly alleged his vote had been "debased and diluted" because congressional districts "throughout the United States" are "apportioned solely on the basis of total population and without regard to the number of 'foreign-born non-citizens' (who are ineligible to vote) within the total population of the respective congressional districts."  **Exhibit 1** at 2**,** *Heghmann v. Trump,* Cause No. 2:20-cv-159, Order Dismissing Plaintiff's Complaint (Mar. 2, 2021).  There, the United States District Court for the Eastern District of Virginia correctly found that Heghmann "had inadequately shown a fairly traceable connection between his alleged injury (i.e., vote dilution) and the alleged conduct of the [defendant]" and therefore lacked standing.  *Id.* at 8.  Here too, Heghmann has not shown and cannot show a concrete or particularized personal injury traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.  Here, as in Heghmann's Eastern District of Virginia case, the Court should dismiss Claims 2, 3, and 4 under Rule 12(b)(1) for lack of standing.

Even if this Court exercised jurisdiction, Plaintiff's Complaint must be dismissed under Rule 12(b)(6) because his claim is plainly precluded by binding Supreme Court precedent.  *See Evenwel v. Abbott*, 136 S. Ct. 1120, 1126-32 (2016).  In *Evenwel*, the Supreme Court addressed the constitutionality of state redistricting by total population when appellants challenged the State of Texas's "uniform method of districting on the ground that it produces unequal districts when measured by voter-eligible population." 136 S. Ct. at 1123. The United States Supreme Court rejected the attempts of the Texas voters "to locate a voter-equality mandate in the Equal Protection

Clause," and concluded, based on "history, precedent, and practice," that "*it is plainly permissible for jurisdictions to measure equalization by the total population of state and local legislative districts*." *Id.* at 1126-27 (emphasis added).

Heghmann's action, which is based on his belief that it is unconstitutional for congressional and legislative districts to be apportioned by total population rather than the population of citizens who are eligible to vote, is plainly precluded by *Evenwel*. Here, as in Heghmann's Eastern District of Virginia case, Heghmann has failed to state a claim for relief and his Complaint must be dismissed.

Additionally, this case presents a collateral attack on the outcome of the Eastern District of Virginia case. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Res judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). Heghmann's Claims 2, 3, and 4 are barred by res judicata.

### III. Conclusion

For the foregoing reasons, the Court should dismiss Heghmann's complaint under Rule 12(b)(1) or, in the alternative, under Rule 12(b)(6).

Dated: October 3, 2022                    Respectfully submitted,

                                          **ASHLEY C. HOFF**
                                          United States Attorney

                              By:         */s/ Liane Noble*
                                          **LIANE NOBLE**
                                          Assistant United States Attorney
                                          State Bar No. 24079059
                                          U.S. Attorney's Office
                                          903 San Jacinto Blvd., Suite 334
                                          Austin, Texas 78701
                                          (512) 370-1252 (phone)
                                          (512) 916-5854 (fax)
                                          Liane.Noble@usdoj.gov

                                          **ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I certify that on October 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and sent a courtesy copy to Plaintiff via e-mail and first-class mail at the below listed address.

    **Robert A Heghmann**
    PO Box 2108
    Leander, TX 78646
    bob_heghmann@reagan.com

                                    */s/ Liane Noble*
                                    **LIANE NOBLE**
                                    Assistant United States Attorney