# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | | |
|---|---|---|
| **ROBERT A. HEGHMANN,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:22-CV-627-LY** |
| | § | |
| **KAMALA HARRIS, Vice** | § | |
| **President of the United States** | § | |
| **and President of the United** | § | |
| **States Senate** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Kamala Harris' Motion to Dismiss, Dkt. 13, and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.    BACKGROUND

Plaintiff Robert A. Heghmann,[1] proceeding pro se, complains that: (1) the federal budgets from Fiscal Year 2010 to present are unconstitutional; (2) Vice President Pence's count of Electoral College votes in 2020 was unconstitutional; (3) the "current apportionment of Congressional Districts without regard for citizen characteristics" is unconstitutional; and (4) the 2020 Presidential election was unconstitutional. Dkt. 1, at 25. He seeks a declaratory judgment to that effect.

---

[1] Robert Heghmann is a frequent filer and at one point was disbarred by the Supreme Court of the United States. *See In re Disbarment of Heghmann*, 563 U.S. 1006 (2011).

Defendant Kamala Harris moves to dismiss his claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   LEGAL STANDARDS

### A.   12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B.   12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the

light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.    DISCUSSION

### A.    Illegal immigration claim

In his first claim, Heghmann alleges that "President Obama intended to use illegal immigration to change the face of American society both demographically and politically" by illegally borrowing funds to "transport[] the illegal immigrants to Red States and Red Districts in Blue States." Dkt. 1, at ¶ 48. He thus seeks a declaratory judgment that "all budgets from FY 2010 to the present were and are ... unconstitutional." *Id.* at 25.

Harris asserts that Heghmann lacks standing to make this claim, and the undersigned agrees. Article III of the Constitution limits the judicial power of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2; *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish "the 'irreducible constitutional minimum' of standing," a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992). The alleged injury in fact must be concrete, particularized, and actual or imminent and must bear a "'close relationship' to a harm traditionally recognized

as providing a basis for a lawsuit in American courts." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022). As the party asserting federal jurisdiction, Heghmann carries the burden of establishing his standing. *Spokeo*, 136 S. Ct. at 1547. Therefore, to survive a motion to dismiss, "the plaintiff must clearly allege facts demonstrating each element" of standing. *Lujan,* 504 U.S. at 560.

The undersigned finds that Heghmann's Complaint lacks any allegations sufficient to establish the elements of standing. He fails to allege a concrete or particularized personal injury traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. In fact, there is no concrete or particularized personal injury traceable to Vice President Harris's conduct. Accordingly, the undersigned finds that Heghmann lacks standing to obtain a declaration that all budgets from FY 2010 to the present were unconstitutional, and the undersigned recommends dismissal of Heghmann's claim about the federal budgets pursuant to 12(b)(1) for lack of standing.

Alternatively, Harris asserts that Heghmann fails to allege facts sufficient to state a claim for relief. The undersigned agrees with this assertion as well. In ruling on a Rule 12(b)(6) motion, "[w]hile the court must accept the facts in the complaint as true, it will 'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Heghmann's challenges to the budgets of the last 12 fiscal years contain only conclusory allegations and legal conclusions that President Barack Obama "blew up the firewall" by borrowing funds in the FY 2010 Budget. These allegations are

insufficient to state a claim for relief. Additionally, Heghmann's allegations of illegal borrowing are levied against former President Barack Obama, and not Harris against whom he has filed suit. Since Heghmann has failed to link Harris to this claim in his Complaint, he has failed to state a claim against her, and this claim should be dismissed on this additional basis.

### B.    Heghmann's remaining claims

Heghmann also claims that "because of apportionment of congressional districts . . . throughout the United States based solely upon total population, without regard to the citizen characteristics of the population, his vote and the votes of other suburban and rural voters in the 2020 Presidential election were debased and diluted" due to "unchecked immigration, largely illegal." Dkt. 1, at ¶ 6. From that contention flows Heghmann's assertions that: (1) Vice President Pence's count of Electoral College votes in 2020 was unconstitutional; (2) the "current apportionment of Congressional Districts" is unconstitutional; and (3) the 2020 Presidential election was unconstitutional.

Harris argues that again, Heghmann lacks standing to assert these claims. Once again, the undersigned agrees. Heghmann has inadequately shown a fairly traceable connection between his alleged injury and Harris' alleged conduct. He has not shown and cannot show a concrete or particularized personal injury traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Accordingly, the undersigned finds that he lacks standing to bring this claim. *Lujan*, 504 at 560.

6

As pointed out by Harris, Heghmann brought nearly identical claims in *Heghmann v. Trump*, Cause No. 2:20-CV-159, in the United States District Court for the Eastern District of Virginia. In that case, he similarly alleged his vote had been "debased and diluted" because congressional districts "throughout the United States" are "apportioned solely on the basis of total population and without regard to the number of 'foreign-born non-citizens' within the total population of the respective congressional districts." Dkt. 13-1, at 2, *Heghmann v. Trump*, Cause No. 2:20-cv-159 (E.D. Va, Mar. 2, 2021). In that case, the court also dismissed nearly identical claims for lack of standing, thus supporting the Court's finding here.

Moreover, Harris argues that even if the Court exercised jurisdiction, Heghmann's Complaint should be dismissed under Rule 12(b)(6) because his claim is plainly precluded by binding Supreme Court precedent. In *Evenwel v. Abbott*, 136 S. Ct. 1120, 1126-32 (2016), the Supreme Court addressed the constitutionality of state redistricting by total population when appellants challenged the State of Texas's "uniform method of districting on the ground that it produces unequal districts when measured by voter-eligible population." 136 S. Ct. at 1123. The United States Supreme Court rejected the attempts of the Texas voters "to locate a voter-equality mandate in the Equal Protection Clause," and concluded, based on "history, precedent, and practice," that "it is plainly permissible for jurisdictions to measure equalization by the total population of state and local legislative districts." *Id.* at 1126-27. The undersigned agrees with Harris and finds that Heghmann's claims, based on his belief that it is unconstitutional for congressional and legislative

districts to be apportioned by total population rather than the population of citizens who are eligible to vote, is precluded by *Evenwel*. Heghmann's claims are properly dismissed for failure to state a claim.

Lastly, Harris argues that Heghmann's claims are precluded by res judicata because it is a collateral attack on the Virginia court's decision. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). Heghmann's claims are thus barred by res judicata.

The undersigned find that Heghmann's claims that: (1) Vice President Pence's count of Electoral College votes in 2020 was unconstitutional; (2) the "current apportionment of Congressional Districts" is unconstitutional; and (3) the 2020 Presidential election was unconstitutional; should be dismissed based on lack of standing, preclusion by *Evenwel*, and res judicata.

In sum, all Heghmann's claims should be dismissed, and he is not entitled to declaratory judgment.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Kamala Harris' Motion to Dismiss, Dkt. 13 and **DISMISS** Heghmann's claims **WITH PREJUDICE**

pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of standing and alternatively 12(b)(6) for failure to state a claim. It is **FURTHER RECOMMENDED** that all other pending motions should be **DISMISSED**. It is lastly **ORDERED** that the referral to the undersigned is **CANCELED**.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED November 7, 2022.


DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE